IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT ANDREW SNIDER, JR.                                                    PLAINTIFF

v.                           Civil No. 2:23-cv-02145-SOH-MEF

CRAWFORD COUNTY, ARKANSAS;
DR. WHITE (Medical Care Provider for the
Crawford County Detention Center);
ADVANCED CORRECTIONAL HEALTH;
and SHERIFF DANIEL PERRY (Crawford
County)                                                                        DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are Defendant Perry's Motion to Dismiss for Failure to Comply with Local Rule 5.5(c)(2) and Motion to Stay Case Deadlines. (ECF Nos. 24, 27). Also before the Court is a Motion by Defendants White and Advanced Correctional Medical Care to join Defendant Perry's Motion to Dismiss (ECF No. 29) and Plaintiff's failure to obey a Court Order and failure to prosecute this case.

**I.     BACKGROUND**

Plaintiff filed his Complaint on December 7, 2023. (ECF No. 1). He was granted *in forma pauperis* ("IFP") status that same day. (ECF No. 3). In the Order granting him IFP status, Plaintiff was advised that he must immediately inform the Court of any address change, or his case would be dismissed. (*Id.*). Plaintiff's listed address for the entirety of this case has been the Crawford County Detention Center.

On May 24, 2024, Defendant Perry submitted his current Motions. (ECF Nos. 24, 27). In his Motion to Dismiss, Defendant Perry states he has been unable to affect service of his correspondence upon the Plaintiff. (ECF No. 24). In support of the Motion, Defendant Perry attached an Affidavit of Attempted Service. (ECF No. 26). The affidavit states mail sent to Plaintiff on May 6, 2024, was returned to office marked "Return to Sender – Unable to Forward" on May 20, 2024. (*Id.*). Upon receiving the Motions, the Court entered an Order directing Plaintiff to communicate with the Court by June 18, 2024, or his case would be dismissed. (ECF No. 28). It was not returned as undeliverable. Review of the Crawford County Inmate Roster indicates Plaintiff is not currently incarcerated at the facility.[1] To date, Plaintiff has failed to inform the Court of his current address, and he has not otherwise communicated with the Court.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

---

[1] Roster available at https://inmates.crawfordcountysheriff.org/ (last accessed July 15, 2024).

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.   CONCLUSION

Accordingly, it is recommended that Defendant Perry's Motion to Dismiss for Failure to Comply with Local Rule 5.5(c)(2) (ECF No. 24), be GRANTED and Plaintiff's case be DISMISSED WITHOUT PREJUDICE. It is further recommended that Defendant Perry's Motion to Stay Case Deadlines (ECF No. 27) and Defendants White and Advanced Correctional Medical Care's Motion to join Defendant Perry's Motion to Dismiss (ECF No. 29) be DISMISSED AS MOOT.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of July 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE